IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMON LUIS TORRES, *et al.*, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-18-2403 |
| | § | |
| HARRIS COUNTY SHERIFF'S OFFICE, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner is a pretrial detainee in custody of the Harris County Sheriff's Office on felony charges for aggravated sexual assault. He filed the pending *pro se* pleading entitled, "Emergency Writ of *Exigi Facias* for Injunction and Habeas Corpus for Release." Petitioner filed the pleading on behalf of himself and five other Harris County pretrial detainees.[1]

Having considered the pleading and relief sought, the Court has concluded that this lawsuit should be dismissed for failure to exhaust.

**I. BACKGROUND AND CLAIMS**

Petitioner claims that he and his co-petitioners are being held in absence of any evidence and in violation of speedy trial protections, and that state law requires them to be released after 90 days on a bond that they can afford. He requests a writ of *exigi facias* and

---

[1] Listed as co-petitioners are Robert James Barnett (SPN #00286783); Marco A. Olivares-Calderon (SPN #02061427 ); Edward Gray a/k/a/Lee Edward Green a/k/a James Edward Flowers (SPN #01246231); Lorenzo Dewayne Washington (SPN #00249347); and Melvin James Joseph (SPN #00174746). The co-petitioners are not co-defendants.

asks that the Court either dismiss the pending indictments due to delays or grant personal recognizance or other affordable bonds pending trial.

The writ of *exigi facias* is an obsolete term of outlawry that is not recognized in Texas or federal jurisprudence. *See, e.g., In re Curtis*, 2018 WL 326527, *1 n.1 (Tex. App. – Houston [1st Dist.] 2018, orig. proceeding) ("We note parenthetically that our research revealed only one ignominious prior mention of the writ of *exigi facias* in the annals of Texas case law—and that opinion was reversed 100 years ago by the United States Supreme Court."). No mention of the term has been found in any available Fifth Circuit precedent. Because petitioner and his co-petitioners are in pretrial custody awaiting trial on state felony charges and are requesting injunctive relief in the form of immediate release from jail, the Court will liberally construe the pleading as seeking habeas relief under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

## II. EXHAUSTION

There is no express statutory requirement that a pre-trial detainee exhaust state court remedies prior to asserting a section 2241 habeas claim in federal court. However, federal jurisprudence requires persons seeking such relief to first exhaust state court remedies before seeking federal intervention. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review or a properly-filed application for writ of

habeas corpus before a pretrial detainee may seek federal habeas relief. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *see also Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. No exceptional circumstances of peculiar urgency are shown in the instant case.

Petitioner and his co-petitioners do not allege or show that they have each exhausted their federal habeas claims through habeas proceedings properly filed with the Texas Court of Criminal Appeals, and this lawsuit must be dismissed for failure to exhaust.

### III. CONCLUSION

For the reasons discussed, the Court **DISMISSES** the petition for habeas relief without prejudice for failure to exhaust state court remedies. Any and all pending motions are **DENIED**. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas on the ___ day of July, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3